TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3214

David France..................., Plaintiff(s)

v.

Kytel International, Defendant(s)
Group, Inc., et als.

## SUMMONS

To the above-named Defendant: Kytel International Group, Inc.,

You are hereby summoned and required to serve upon Lawrence E. Desilets, Esq. plaintiff's attorney, whose address is Liberty Plaza, 61 Nicholas Rd., Suite B5, Framingham, MA 01701 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St., Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Cambridge the 10th day of September in the year of our Lord Two Thousand Four.

*Edward J. Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
Docket No.

DAVID FRANCO, Plaintiff

v.

KYTEL INTERNATIONAL GROUP, INC.,
GREGORY KILEY, EDWARD KILEY and
DON M. BOSCO,
Defendants.

PLAINTIFF'S FIRST AMENDED
COMPLAINT AND
CLAIM OF TRIAL BY JURY

### Parties and Residence

1. The Plaintiff, David Franco (hereinafter "Franco") is an individual who resides at 757 Chestnut Street, Waban, Middlesex County, Massachusetts 02468.

2. The Defendant, Kytel International Group, Inc. (hereinafter "Kytel") is a Delaware corporation with the usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

3. The Defendant, Gregory Kiley is an individual who has a usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

4. The Defendant, Edward Kiley is an individual with the usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

5. The Defendant, Don M. Bosco (hereinafter "Bosco") is an individual with the usual place of business at 63 Wall Street, Suite 2502, New York City, New York 10005

### Facts Common To All Counts

6. Commencing in or about November of 1998, the Defendants began to solicit Franco to purchase $500,000 worth of stock in the Defendant Kytel. On various other dates and

occasions, the Defendants caused two other individuals to continually solicit Franco to purchase stock in Kytel.

7. One of said individuals was an unlicensed broker, who posed as a licensed broker authorized to sell Kytel stock, a fact known to each and every Defendant at all times relevant hereto.

8. The other individual was, at all times relevant hereto, a broker at the now defunct brokerage firm of Hornblower & Weeks, and upon information and belief, was not registered to do business in the State of Massachusetts as a broker, facts known to all named Defendants at all relevant times hereto.

9. The constant solicitations, in person in New York City, and on the telephone to Franco in Massachusetts from the aforementioned individuals, and by Gregory Kiley, Edward Kiley and Bosco continually exaggerated the financial well being of Kytel, and specifically fraudulently misrepresented the state of Kytel's financial well being to Franco.

10. In or about November of 1999, the aforementioned Hornblower & Weeks' broker, without any advance notice to Franco, brought Franco to a meeting at Kytel's headquarters in New York City. Present at said meeting with Defendants, Gregory Kiley, Edward Kiley, Bosco and the Hornblower & Weeks' broker.

11. At said meeting all the Defendants and the Hornblower & Weeks' broker fraudulently misrepresented the state of Kytel's financial affairs to Franco.

12. As a result of said meeting, as well as continued further solicitations on the telephone to Franco in Massachusetts by the aforementioned banned broker and Hornblower & Weeks' broker, Franco was fraudulently induced to purchase 100,000 shares of Kytel stock.

2

13. It was not until long after the Plaintiff made his last payment for the purchase of the said stock, on or about November 7, 2000, that the Plaintiff discovered that the transaction involved was a "selling away" transaction, a fact known at all relevant times hereto by all the named Defendants.

14. It was also not discovered by the Plaintiff until in or about January of 2001 that the other individual soliciting him was a banned broker, whose license had been revoked, facts that were known by all named Defendants at all relevant times hereto.

15. In addition to the above described illegal and fraudulent activity, the Defendant Kytel has never provided the Plaintiff with a stock certificate or any other evidence of ownership of said stock.

16. Additionally, Kytel and the other named Defendants have never informed the Plaintiff of the fact that Kytel at one time had filed for bankruptcy protection.

17. In point of fact, since the Plaintiff purchased the stock in Kytel as a result of the fraudulent misrepresentations of all the named Defendants, no financial information other than a delinquent September 30, 2000 balance sheet has ever been disclosed to the Plaintiff with regard to the financial health, or lack thereof, of Kytel, and Kytel continues to fail to provide said information. On information and belief, Franco states that the number of private investors in Kytel exceeded the minimum required by the Securities and Exchange Commission in the State of New York regarding such reporting at all relevant times hereto.

18. The failure to disclose to the Plaintiff the true and accurate financial situation as related to Kytel along with all named Defendants fraudulent misrepresentations made to the Plaintiff, constituted a conspiracy by all named Defendants to defraud the Plaintiff and bait him into making said investment.

3

## COUNT I - ILLEGALITY

19. The Plaintiff reiterates Paragraphs 4 through 18 of this Complaint.

20. The Plaintiff states that the transaction entered into between the Plaintiff and Defendants was illegal at a so-called "selling away".

WHEREFORE, Plaintiff demands that the transaction be rescinded and that the Plaintiff be awarded all monies paid over to Kytel plus interest, costs and attorney's fees.

## COUNT II - FRAUD

21. The Plaintiff reiterates Paragraphs 4 through 20 of this Complaint.

22. The Plaintiff states that the actions of the named Defendants constituted a fraudulent misrepresentation causing him to lose considerable monies.

WHEREFORE, Plaintiff demands judgment against the Defendants for all monies paid by him to Kytel, plus treble damages, interest, costs and attorney's fees.

## COUNT III - VIOLATION OF STATE AND FEDERAL LAWS AND REULATIONS

23. The Plaintiff reiterates Paragraphs 4 through 22 of this Complaint.

24. The actions of the Defendants violated numerous State and Federal Laws and regulations.

WHEREFORE, Plaintiff demands that all monies paid by him to Kytel be returned as treble damages, and that he be awarded his out of pocket costs, plus interest, costs and attorney's fees.

## COUNT IV - UNFAIR AND DECEPTIVE PRACTICES - 93A

25. The Plaintiff reiterates Paragraphs 4 through 24 of this Complaint.

26. The Plaintiff states that the actions of the Defendants were unfair and deceptive

practices pursuant to Massachusetts General Laws, Chapter 93A, Section 9.

27. On or about November 16, 2001, the Plaintiff caused to be sent to the Defendants a letter demanding full relief pursuant to said statute (a copy of which is annexed hereto and marked "A").

28. The Defendants reply to said letter was a general denial, plus an affirmation that the Defendants were not aware of the registration status of the aforementioned Hornblower & Weeks' broker. A representation which is blatantly false.

WHEREFORE, the Plaintiff demands judgment against the Defendants for treble damages plus interest, costs and attorney's fees.

## COUNT V - CONSPIRACY TO DEFRAUD

29. The Plaintiff reiterates Paragraphs 4 through 28 of this Complaint.

30. The Plaintiff states the actions of the Defendants constituted a conspiracy to defraud him.

WHEREFORE, the Plaintiff demands judgment against the Defendants for treble damages, plus interest, costs and attorney's fees.

## JURY CLAIM

Plaintiff claims a trial by jury on all issues so triable.

Respectfully submitted,
DAVID FRANCO
By his attorney,

Dated: August 13, 2004

Lawrence E. Desilets
Liberty Plaza
61 Nicholas Road, Suite B5
Framingham, MA 01701
508-788-8500
BBO # 121380

5

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S): David Franco | | DEFENDANT(S): Kytel International Group, I., Gregory Kiley, Edward Kiley and Don M Bosco |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Lawrence E. Desilets, Esq. 61 Nicholas Rd, Suite 25, Framingham, MA 01701 508-788-8500 Board of Bar Overseers number: 121380 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Fraud in the sale of stock | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ... $........
   2. Total Doctor expenses ... $........
   3. Total chiropractic expenses ... $........
   4. Total physical therapy expenses ... $........
   5. Total other expenses (describe) ... Subtotal $........
B. Documented lost wages and compensation to date ... $........
C. Documented property damages to date ... $........
D. Reasonably anticipated future medical and hospital expenses ... $........
E. Reasonably anticipated lost wages ... 
F. Other documented items of damages (describe) ... $........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$........
TOTAL $........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The Plaintiff alleges that the Defendants made, and caused others to make fraudulent representations in order to entice him into purchasing 100,000 shares of stock in Kytel constituting a loss to the Plaintiff in the amount of $460,000.

TOTAL $460,000.0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispu resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ Lawrence E. Desilets DATE: 08/13/0

AOTC-6 mac005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
# INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- 01 Services, labor and materials (F)
- 02 Goods sold and delivered (F)
- 03 Commercial Paper (F)
- 08 Sale or lease of real estate (F)
- 12 Construction Dispute (A)
- 99 Other (Specify) (F)

**TORT**
- 03 Motor Vehicle negligence-personal injury/property damage (F)
- 04 Other negligence-personal injury/property damage (F)
- 05 Products Liability (A)
- 06 Malpractice-medical (A)
- 07 Malpractice-other(Specify) (A)
- 08 Wrongful death G.L.c.229,s.2A (A)
- 15 Defamation (Libel-Slander) (A)
- 19 Asbestos (A)
- 20 Personal Injury-Slip&Fall (F)
- 21 Environmental (A)
- 22 Employment Discrimination (F)
- 99 Other (Specify) (F)

**REAL PROPERTY**
- C01 Land taking (eminent domain) (F)
- C02 Zoning Appeal, G.L. c.40A (F)
- C03 Dispute concerning title (F)
- C04 Foreclosure of mortgage (X)
- C05 Condominium lien and charges (X)
- C99 Other (Specify) (F)

**EQUITABLE REMEDIES**
- D01 Specific performance of contract (A)
- D02 Reach and Apply (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of Trust (A)
- D08 Minority Stockholder's Suit (A)
- D10 Accounting (A)
- D12 Dissolution of Partnership (F)
- D13 Declaratory Judgment G.L.c.231A (A)
- D99 Other (Specify) (F)

**MISCELLANEOUS**
- E02 Appeal from administrative Agency G.L. c.30A (X)
- E03 Action against Commonwealth Municipality, G.L. c.258 (A)
- E05 All Arbitration (X)
- E07 c.112,s.12S (Mary Moe) (X)
- E08 Appointment of Receiver (X)
- E09 General contractor bond, G.L.c.149,s.29,29a (A)
- E11 Workman's Compensation (X)
- E14 Chapter 123A Petition-SDP (X)
- E15 Abuse Petition, G.L.c.209A (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L.c.12,s.11H (A)
- E18 Foreign Discovery proceeding (X)
- E96 Prisoner Cases (F)
- E97 Prisoner Habeas Corpus (X)
- E99 Other (Specify) (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
Docket No.

DAVID FRANCO, Plaintiff

v.

KYTEL INTERNATIONAL GROUP, INC.,
GREGORY KILEY, EDWARD KILEY and
DON M. BOSCO, Defendants.

## NOTICE OF APPEARANCE

TO THE CLERK-MAGISTRATE OF THE ABOVE NAMED COURT:

Kindly enter my appearance for the above-named Plaintiff, David Franco.

Dated: August 13, 2004

Lawrence E. Desilets
Liberty Plaza
61 Nicholas Road, Suite B5
Framingham, MA 01701
508-788-8500
BBO # 121380

## Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2004-03214-D

RE: Franco v Kytel International Group, Inc. et al

TO: Lawrence E Desilets, Esquire
61 Nicholas Road
Suite B5
Framingham, MA 01701

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/14/2004 |
| Response to the complaint filed (also see MRCP 12) | 01/13/2005 |
| All motions under MRCP 12, 19, and 20 filed | 01/13/2005 |
| All motions under MRCP 15 filed | 01/13/2005 |
| All discovery requests and depositions completed | 06/12/2005 |
| All motions under MRCP 56 served and heard | 07/12/2005 |
| Final pre-trial conference held and/or firm trial date set | 08/11/2005 |
| Case disposed | 10/10/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session "D" sitting in Rm 7A (Cambridge) Middlesex Superior Court.

Dated: 08/19/2004

Edward J. Sullivan
Clerk of the Court

BY: Leona Kusmirek
Assistant Clerk

Location: Rm 7A (Cambridge)
Telephone: 617-494-4010 EXT 4251

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

TOTAL P.11