# SASSOON & CYMROT

**To Contact Writer:**
Voice Mail: Ext. 154
E-Mail: gdelpuerto@sandclawyers.com

84 State Street
Boston, MA 02109
TEL 617 720-0099
FAX 617 720-0366
URL www.sandclawyers.com

October 26, 2004

Office of the Civil Clerk
United States District Court
One Courthouse Way
Boston, MA 02210

Re: **Franco v. Kytel Internat'l Group, Inc., et al.**
**Docket No. 04-CV-12159-GAO**

Dear Sir or Madam:

Pursuant to Local Rule 81.1 on cases removed from state court, enclosed please file a certified attested copy of all records and proceedings in the state court.

Very truly yours,

Gustavo A. del Puerto

GdP:gdp
Enclosure
cc: Lawrence E. Desilets, Esq.

MICV2004-03214

DAVID FRANCO

v.

KYTEL INTERNATIONAL GROUP, INC, ET AL

****REMOVED TO US DISTRICT COURT****

## Commonwealth of Massachusetts
### SUPERIOR COURT DEPARTMENT
### THE TRIAL COURT
### CAMBRIDGE

MICV2004-03214

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 16th of August, in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 21st of October, in the year of our Lord, Two Thousand Four

_Karen A. O'Connor_
Deputy Assistant Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-12159 GAO

DAVID FRANCO,
    Plaintiff,

vs.                                         CIVIL ACTION No.

KYTEL INTERNATIONAL GROUP, INC.,
GREGORY KILEY, EDWARD KILEY and
DON BOSCO,
    Defendants.

## NOTICE OF REMOVAL
### (28 U.S.C. § 1446)

1.  The Defendants desire to remove the instant civil action filed in the Middlesex Superior Court, Massachusetts.

2.  Venue is proper in this district and division as this is the district and division where the State court action is pending.

3.  The grounds for removal are that there exists complete diversity of citizenship between the opposing parties, and the amount in controversy exceeds the jurisdictional amount.

4.  Defendants attach a copy of all process, pleadings and orders served upon the Defendants in the State action.

5.  Defendants were served on or about September 15, 2004 and they file this Notice

of Removal within thirty (30) days after receipt through service of a copy of the initial summons and pleading in the State action.

KYTEL INTERNATIONAL GROUP, INC., et al.
by their Attorneys,
SASSOON & CYMROT LLP

*/s/*

Lewis A. Sassoon (BBO #442600)
Gustavo A. del Puerto (BBO #568056)
84 State Street, Suite 600
Boston, MA 02109
617-720-0099

Dated: 10/13/04

## CERTIFICATE OF SERVICE

I hereby certify that I have served on this date a true copy of this Notice of Removal, together with the Civil Cover Sheet and Category Sheet by mailing via first class mail, postage prepaid, to counsel for the Plaintiff, Lawrence E. Desilets, Esq., Liberty Plaza, 61 Nichols Road, Suite B5, Framingham, MA 01701.

*/s/*
Gustavo A. del Puerto

Dated: 10/13/04

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                              SUPERIOR COURT DEPARTMENT
                                                            Docket No.

DAVID FRANCO,                          )
                  Plaintiff            )
                                       )      PLAINTIFF'S COMPLAINT
v.                                     )              AND
                                       )      CLAIM OF TRIAL BY JURY
KYTEL INTERNATIONAL GROUP, INC.,       )
GREGORY KILEY, EDWARD KILEY and        )
DON M. BOSCO,                          )
                  Defendants.          )
                                       )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
AUG 16 2004

## Parties and Residence

1. The Plaintiff, David Franco (hereinafter "Franco") is an individual who resides at 157 Chestnut Street, Waban, Middlesex County, Massachusetts 02468.

2. The Defendant, Kytel International Group, Inc. (hereinafter "Kytel") is a Delaware corporation with the usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

3. The Defendant, Gregory Kiley is an individual who has a usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

4. The Defendant, Edward Kiley is an individual with the usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

5. The Defendant, Don M. Bosco (hereinafter "Bosco") is an individual with the usual place of business at 63 Wall Street, Suite 2502, New York City, New York 10005

## Facts Common To All Counts

6. Commencing in or about November of 1998, the Defendants began to solicit Franco to purchase $500,000 worth of stock in the Defendant Kytel. On various other dates and

  , the Defendants caused two other individuals to   ctively solicit Franco to purchase stock in Kytel.

  7. One of said individuals was an unlicensed broker, who posed as a licensed broker
 ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... hereto.

  8. The other individual was, at all times relevant hereto, a broker at the now defunct brokerage firm of Hornblower & Weeks, and upon information and belief, was not registered to do business in the State of Massachusetts as a broker, facts known to all named Defendants at all relevant times hereto.

  9. The constant solicitations, in person in New York City, and on the telephone to Franco in Massachusetts from the aforementioned individuals, and by Gregory Kiley, Edward Kiley and Bosco continually exaggerated the financial well being of Kytel, and specifically fraudulently misrepresented the state of Kytel's financial well being to Franco.

  10. In or about November of 1999, the aforementioned Hornblower & Weeks' broker, without any advance notice to Franco, brought Franco to a meeting at Kytel's headquarters in New York City. Present at said meeting with Defendants, Gregory Kiley, Edward Kiley, Bosco and the Hornblower & Weeks' broker.

  11. At said meeting all the Defendants and the Hornblower & Weeks' broker fraudulently misrepresented the state of Kytel's financial affairs to Franco.

  12. As a result of said meeting, as well as continued further solicitations on the telephone to Franco in Massachusetts by the aforementioned banned broker and Hornblower & Weeks' broker, Franco was fraudulently induced to purchase 100,000 shares of Kytel stock.

13. It was not long after the Plaintiff made his last payment for the purchase of the said stock, on or about November 7, 2000, that the Plaintiff discovered that the transaction involved was a "selling away" transaction, a fact known at all relevant times hereto by all the Defendants.

14. It was also not discovered by the Plaintiff until in or about January of 2001 that the other individual soliciting him was a banned broker, whose license had been revoked, facts that were known by all named Defendants at all relevant times hereto.

15. In addition to the above described illegal and fraudulent activity, the Defendant Kytel has never provided the Plaintiff with a stock certificate or any other evidence of ownership of said stock.

16. Additionally, Kytel and the other named Defendants have never informed the Plaintiff of the fact that Kytel at one time had filed for bankruptcy protection.

17. In point of fact, since the Plaintiff purchased the stock in Kytel as a result of the fraudulent misrepresentations of all the named Defendants, no financial information other than a delinquent September 30, 2000 balance sheet has ever been disclosed to the Plaintiff with regard to the financial health, or lack thereof, of Kytel, and Kytel continues to fail to provide said information. On information and belief, Franco states that the number of private investors in Kytel exceeded the minimum required by the Securities and Exchange Commission in the State of New York regarding such reporting at all relevant times hereto.

18. The failure to disclose to the Plaintiff the true and accurate financial situation as related to Kytel along with all named Defendants fraudulent misrepresentations made to the Plaintiff, constituted a conspiracy by all named Defendants to defraud the Plaintiff and bait him into making said investment.

3

          ic.                      ... adseus of eral Laws Chapter ... Section 9

27. On or about November 16, 2001, the Plaintiff caused to be sent to the Defendants a letter demand for full relief pursuant to said ... (a copy of which is annexed hereto ...).

28. The Defendants reply to said letter was a general denial, plus an affirmation that the Defendants were not aware of the registration status of the aforementioned Hornblower & Weeks' broker. A representation which is blatantly false.

WHEREFORE, the Plaintiff demands judgment against the Defendants for treble damages plus interest, costs and attorney's fees.

## COUNT V - CONSPIRACY TO DEFRAUD

29. The Plaintiff reiterates Paragraphs 4 through 28 of this Complaint.

30. The Plaintiff states the actions of the Defendants constituted a conspiracy to defraud him.

WHEREFORE, the Plaintiff demands judgment against the Defendants for treble damages, plus interest, costs and attorney's fees.

## JURY CLAIM

Plaintiff claims a trial by jury on all issues so triable.

                                                              Respectfully submitted,
                                                              DAVID FRANCO
                                                              By his attorney,

Dated: August 13, 2004.

Lawrence E. Desilets
Liberty Plaza
61 Nicholas Road, Suite B5
Framingham, MA 01701
508-788-8500
BBO # 121380

5

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-3214 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|



PLAINTIFF: ...ri...sco

DEFENDANT: ...........Legal........, Inc., Gregory Kiley, Edward Kiley and Don M. Bosco

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Lawrence E. Desilets, Esq.
61 Nicholas Rd., Suite B5, Framingham, MA 01701    508-788-8500

ATTORNEY (if known)

Origin code and track designation

Place an X in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Fraud in the sale of stock | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .................................................. $.............
 2. Total Doctor expenses .................................................. $.............
 3. Total chiropractic expenses ............................................ $.............
 4. Total physical therapy expenses ....................................... $.............
 5. Total other expenses (describe) ........................................ $.............
   Subtotal $.............
B. Documented lost wages and compensation to date ....................... $.............
C. Documented property damages to date ................................... $.............
D. Reasonably anticipated future medical and hospital expenses ........... $.............
E. Reasonably anticipated lost wages ....................................... $.............
F. Other documented items of damages (describe) .
   $.............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $.............
   TOTAL $.............

*[FILED stamp: IN THE OFFICE OF THE CLERK OF THE COURTS COUNTY OF MIDDLESEX AUG 16 2004, Edward J. Sullivan, CLERK]*

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The Plaintiff alleges that the Defendants made, and caused others to make fraudulent representations in order to entice him into purchasing 100,000 shares of stock in Kytel constituting a loss to the Plaintiff in the amount of $460,000.

TOTAL $.460,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_    Lawrence E. Desilets    DATE: 08/13/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                              SUPERIOR COURT DEPARTMENT
                                                            Docket No. 04-3914

DAVID FRANCO,                          )
                        Plaintiff      )
                                       )       PLAINTIFF'S FIRST AMENDED
v.                                     )       COMPLAINT AND
                                       )       CLAIM OF TRIAL BY JURY
                                       )
KYTEL INTERNATIONAL GROUP, INC.,       )
GREGORY KILEY, EDWARD KILEY and        )
DON M. BOSCO,                          )
                        Defendants.    )
                                       )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

AUG 3 0 2004

Edward J. Sullivan
CLERK

### Parties and Residence

1. The Plaintiff, David Franco (hereinafter "Franco") is an individual who resides at 757 Chestnut Street, Waban, Middlesex County, Massachusetts 02468.

2. The Defendant, Kytel International Group, Inc. (hereinafter "Kytel") is a Delaware corporation with the usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

3. The Defendant, Gregory Kiley is an individual who has a usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

4. The Defendant, Edward Kiley is an individual with the usual place of business at 15 Maiden Lane, 4th Floor, New York City, New York 10038.

5. The Defendant, Don M. Bosco (hereinafter "Bosco") is an individual with the usual place of business at 63 Wall Street, Suite 2502, New York City, New York 10005

### Facts Common To All Counts

6. Commencing in or about November of 1998, the Defendants began to solicit Franco to purchase $500,000 worth of stock in the Defendant Kytel. On various other dates and

13. It was not until long after the Plaintiff made his last payment for the purchase of the said stock, on or about November 7, 2000, that the Plaintiff discovered that the transaction involved was a "selling away" transaction, a fact known at all relevant times hereto by all the named Defendants.

14. It was also not discovered by the Plaintiff until in or about January of 2001 that the other individual soliciting him was a banned broker, whose license had been revoked, facts that were known by all named Defendants at all relevant times hereto.

15. In addition to the above described illegal and fraudulent activity, the Defendant Kytel has never provided the Plaintiff with a stock certificate or any other evidence of ownership of said stock.

16. Additionally, Kytel and the other named Defendants have never informed the Plaintiff of the fact that Kytel at one time had filed for bankruptcy protection.

17. In point of fact, since the Plaintiff purchased the stock in Kytel as a result of the fraudulent misrepresentations of all the named Defendants, no financial information other than a delinquent September 30, 2000 balance sheet has ever been disclosed to the Plaintiff with regard to the financial health, or lack thereof, of Kytel, and Kytel continues to fail to provide said information. On information and belief, Franco states that the number of private investors in Kytel exceeded the minimum required by the Securities and Exchange Commission in the State of New York regarding such reporting at all relevant times hereto.

18. The failure to disclose to the Plaintiff the true and accurate financial situation as related to Kytel along with all named Defendants fraudulent misrepresentations made to the Plaintiff, constituted a conspiracy by all named Defendants to defraud the Plaintiff and bait him into making said investment.

practices pursuant to Massachusetts General Laws, Chapter 93A, Section 9.

27. On or about November 16, 2001, the Plaintiff caused to be sent to the Defendants a letter demanding full relief pursuant to said statute (a copy of which is annexed hereto and marked "A").

28. The Defendants reply to said letter was a general denial, plus an affirmation that the Defendants were not aware of the registration status of the aforementioned Hornblower & Weeks' broker. A representation which is blatantly false.

WHEREFORE, the Plaintiff demands judgment against the Defendants for treble damages plus interest, costs and attorney's fees.

## COUNT V - CONSPIRACY TO DEFRAUD

29. The Plaintiff reiterates Paragraphs 4 through 28 of this Complaint.

30. The Plaintiff states the actions of the Defendants constituted a conspiracy to defraud him.

WHEREFORE, the Plaintiff demands judgment against the Defendants for treble damages, plus interest, costs and attorney's fees.

## JURY CLAIM

Plaintiff claims a trial by jury on all issues so triable.

Respectfully submitted,
DAVID FRANCO
By his attorney,

Dated: August 13, 2004 .

_____
Lawrence E. Desilets
Liberty Plaza
61 Nicholas Road, Suite B5
Framingham, MA 01701
508-788-8500
BBO # 121380

5

*Lawrence E. [...]*

ATTORNEY AT LAW
LIBERTY PLAZA
61 NICHOLAS ROAD - SUITE B5
FRAMINGHAM, MASSACHUSETTS 01701

(508) 788-8500

*Certified / Return Receipt Requested No. [...]*

## DEMAND

November 16, 2001

Mr. Gregory Kiley
Kytel International Group, Inc.
15 Maiden Lane, 4th Floor
New York, NY 10038

RE: David Franco

Dear Mr. Kiley:

Please be advised I represent the above-named with regard to a claim against your company arising out of the activities of certain individuals including Gregory Kiley, Alfred Blair Blaikie, III and Mr. John Puglisi. It is the allegation of this law firm that your company engaged in a conspiracy with Blaikie and Puglisi (posing as Kenneth Mandile) the result of which was the "selling away" of $465,000 worth of stock in your company. This was done while your company knowing full well that Mr. Blaikie was not registered in the State of Massachusetts and that Mr. Puglisi had lost his license before the transaction, and even more egregiously, posing as a Kenneth Mandile who, it is our understanding, was incarcerated at the time these transactions were made. At the time, your firm knew that Mr. Puglisi was working as a broker at Hornblower and Weeks, Inc. even though he was not licensed to do so. It is the allegation of this firm that your activities violated both Federal and State laws and regulations.

It is the further allegation of this firm that your company's failure to notify Mr. Franco of the circumstances surrounding Mr. Blaikie and Mr. Puglisi cost Mr. Franco far more than that the $465,000 that he invested in your company. In point of fact, the illegal activities of your company caused my client damages of more than $2,000,000 taking in the consideration his investment in your company and other trades done by Puglisi and Blaikie. Your company was fully aware of Blaikie and Puglisi's misrepresentations to my client both in terms of its present value and projected future value as well as its history of bankruptcy. Your company was also aware of other illegal activities of Puglisi and Blaikie, but failed to disclose those to Mr. Franco.

This letter is being sent to your company pursuant to Massachusetts General Laws, Chapter 93A, Section 9, in which we hereby make demand that your company pay to my client the sum of

Mr. Gregory Kiley
Kytel International Group, Inc.
November 16, 2001
Page 2

$2,500,000 within thirty days of the date of this letter. Your failure to do so will result in suit being brought against your company in Massachusetts seeking double or treble damages plus reasonable attorney's fees and costs.

Very truly yours,


Lawrence E. Desilets

LED:lld



MAS-20031124  
gilmanr  
Commonwealth of Massachusetts  
MIDDLESEX SUPERIOR COURT  
Case Summary  
Civil Docket  
10/21/2004  
09:51 AM

# MICV2004-03214
## Franco v Kytel International Group, Inc. et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/16/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 10/15/2004 | **Session** | D - Cv D (7A Cambridge) | | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 11/14/2004 | **Answer** | 01/13/2005 | **Rule12/19/20** | 01/13/2005 |
| **Rule 15** | 01/13/2005 | **Discovery** | 06/12/2005 | **Rule 56** | 07/12/2005 |
| **Final PTC** | 08/11/2005 | **Disposition** | 10/10/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**  
David Franco  
Chestnut Street  
Waban, MA 02468  
Active 08/16/2004

*Private Counsel 121380*  
Lawrence E Desilets  
61 Nicholas Road  
Suite B5  
Framingham, MA 01701  
Phone: 508-788-8500  
Fax: 508-788-6668  
Active 08/16/2004 Notify

**Defendant**  
Kytel International Group, Inc.  
15 Maiden Lane 4th Floor  
New York, NY 10038  
Service pending 08/16/2004

*Private Counsel 442600*  
Lewis A Sasson  
Sassoon & Cymrot LLP  
84 State Street  
Suite 600  
Boston, MA 02109  
Phone: 617-523-7700  
Active 10/15/2004 Notify

*Private Counsel 568056*  
Gustavo A del Puerto  
Sassoon & Cymrot LLP  
84 State Street  
Boston, MA 02109  
Phone: 617-720-0099  
Fax: 617-720-0366  
Active 10/15/2004 Notify

**Defendant**  
Gregory Kiley  
15 Maiden Lane  
4th Floor  
New York, NY 10038  
Service pending 08/16/2004

*Private Counsel 442600*  
Lewis A Sasson  
Sassoon & Cymrot LLP  
84 State Street  
Suite 600  
Boston, MA 02109  
Phone: 617-523-7700  
Active 10/15/2004 Notify

Case 1:04-cv-12159-GAO    Document 2    Filed 10/28/2004    Page 17 of 18

MAS-20031124                                                                                    10/21/2004
gilmanr                        **Commonwealth of Massachusetts**                                 09:51 AM
                                      MIDDLESEX SUPERIOR COURT
                                            Case Summary
                                            Civil Docket

## MICV2004-03214
## Franco v Kytel International Group, Inc. et al

| Defendant | |
|---|---|
| Edward Kiley<br>15 Maiden Lane 4th Floor<br>New York, NY 10038<br>Service pending 08/16/2004 | *** See Attorney Information Above *** |
| **Defendant**<br>Don M. Bosco<br>63 Wall Street<br>Suite 2502<br>New York, NY 10005<br>Service pending 08/16/2004 | *** See Attorney Information Above *** |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/16/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 08/16/2004 | | Origin 1, Type A99, Track F. |
| 08/30/2004 | 2.0 | Plaintiff's First Amended Complaint and jury demand. |
| 10/15/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by defts Kytel International Group, Inc, Gregory Kiley, Edward Kiley and Don Bosco |
| 10/15/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |