UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DAVID FRANCO, <br>     Plaintiff, <br><br> vs. <br><br> KYTEL INTERNATIONAL GROUP, INC., <br> GREGORY KILEY, EDWARD KILEY and <br> DON BOSCO, <br>     Defendants. | CIVIL ACTION No. <br> 04-CV-12159-GAO |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THIS ACTION**

**PRELIMINARY STATEMENT**

Defendants submit this memorandum of law in support of their motion to dismiss this action since plaintiff chose to bring it in a forum selected in direct contradiction to the contract between the parties, and since this Court has no personal jurisdiction over the defendants.

When plaintiff David Franco invested in defendant Kytel International Group, Inc. ("Kytel"), he entered into a stock purchase agreement providing for "the exclusive jurisdiction of the courts of New York, NY, with respect to the adjudication of any matter arising hereunder" (Complaint at ¶12; Kiley Aff., Ex.A). In violation of that agreement, Franco commenced the instant proceeding in Massachusetts.

Furthermore, not only did Franco violate the forum-selection clause in his contract with Kytel and fail to bring this action in the proper venue, he also failed to bring it in a court having personal jurisdiction over the defendants. None of the defendants are

In November 2001 Franco, apparently dissatisfied with his investment, demanded through his attorney, in a letter sent to Kytel's office in New York, that Kytel pay him $2,500,000 for "the investment in [Kytel] and other trades done by [two New York brokers not parties to this action]" (Ex. B to Aff. of Gregory Kiley), threatening a lawsuit if Kytel did not give in to his demand. In August 2004, Franco commenced the instant action in the Superior Court for the County of Middlesex in Massachusetts (Ex. A to Aff. of Gregory Kiley), which action was thereafter removed to this Court based on diversity jurisdiction.

In this motion, defendants seek the dismissal of the action for improper venue and lack of personal jurisdiction. We show below that dismissal is warranted in light of the forum-selection clause in the Agreement between the parties as well as the fact that defendants do not come within any category of persons subject to personal jurisdiction in Massachusetts under the Massachusetts long-arm statute. Alternatively, defendants seek the transfer of this action to the United States District Court for the Southern District of New York.

## ARGUMENT

### POINT I

### THIS ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

This Court cannot render a decision binding on the parties to the action unless it has personal jurisdiction over all parties. See United States v. Swiss American Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999). Once a defendant has raised the defense of lack of personal jurisdiction, the plaintiff must present sufficient evidence to indicate that

personal jurisdiction is proper. See Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 3 (1979).

Here, plaintiff cannot meet this burden, as there is no basis for subjecting defendants to personal jurisdiction in Massachusetts. Defendants are not residents of Massachusetts, nor are they subject to the Massachusetts long-arm statute. See M.G.L.A. 223A §3. This action must therefore be dismissed.

Under the Massachusetts long-arm statute, a Massachusetts court will have jurisdiction over an out-of-state defendant in an action arising from such defendant's transaction of business in Massachusetts. See M.G.L.A. 223A §3(a). In order for personal jurisdiction to exist under M.G.L.A. 223A §3(a), plaintiff must show that defendant transacted business in Massachusetts and that plaintiff's claim arises from defendant's transaction of that business. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994).

Plaintiff cannot make this showing, because action arises from a transaction of business in New York, not Massachusetts. Plaintiff does not allege that defendants ever came to Massachusetts to meet with him; rather, he alleges that he met with defendants in Kytel's office in Manhattan. Defendants have never set foot in Massachusetts in connection with their respective work for Kytel at all, let alone to meet with Franco or solicit his interest in Kytel (Aff. of Gregory Kiley at ¶10; Aff. of Edward Kiley at ¶3; Aff. of Don Bosco at ¶3).

Furthermore, while a Massachusetts court can have jurisdiction over a person who causes a tortious injury by acts or omissions outside Massachusetts, pursuant to M.G.L.A. 223A §3(d), this is true only if that person "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used

4

or consumed or services rendered" in Massachusetts. See M.G.L.A. 223A §3(d); see also Swiss American Bank, Ltd., 191 F.3d at 38.

Plaintiff does not allege that Kytel or the individual defendants fit within this category, and he cannot make such showing. None of the defendants regularly do or solicit business in Massachusetts or derive substantial revenue from business conducted in Massachusetts.

None of the remaining categories of long-arm jurisdiction in Massachusetts apply to this action either. Plaintiff does not allege this action to have arisen from any defendant's having an interest in, using, or possessing real property in Massachusetts, contracting to insure any person, property, or risk in Massachusetts, maintaining a domicile in Massachusetts, or having been subject to personal jurisdiction in a Massachusetts court in another proceeding. There can thus be no jurisdiction under M.G.L.A. 223A §3(e), (f), (g), or (h).

Furthermore, "[b]efore a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Intern. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 108 S.Ct. 404 (1987). Defendants Don Bosco and Edward Kiley were never personally served with the summons and complaint in this action; nor has either of them authorized anyone to accept service on his behalf. Therefore, this Court has not obtained personal jurisdiction over Don Bosco and Edward Kiley.

Therefore, as there is no basis upon which defendants may be subject to personal jurisdiction in Massachusetts, this action must be dismissed.

brought in selected forum of Massachusetts, based on rejection of movant's argument that forum selection clause was unenforceable); see also Silva v. Encyclopedia Brittanica, Inc., 239 F.3d 385 (1st Cir. 2001) (affirming dismissal of action in light of forum selection clause); Lambert v. Kysar, 983 F.2d 1110, 1112 (1st Cir. 1993) (affirming dismissal of action in light of forum selection clause); Nisselson v. Lernout, 2004 WL 1630492 (D.Mass. 2004) (dismissing action in light of forum selection clause).

With respect to whether plaintiff can meet this heavy burden, the First Circuit's analysis of the plaintiff's argument against enforcement of a forum-selection clause in Silva v. Encyclopedia Brittanica, Inc., 239 F.3d 385 (1st Cir. 2001), is instructive:

> Britannica used its bargaining power to do nothing more than offer an appealing employment opportunity to appellant, and no evidence suggests that he was coerced into entering the agreement. All that remains, then, is an arms-length transaction, the terms of which are binding on both parties. As such, the enforcement of those terms is not unreasonable, and hence the case was properly dismissed.

Silva, 239 F.3d at 389.

Likewise, here, any bargaining power possessed by defendants was used "to do nothing more than offer an appealing [investment] to" Franco, and "no evidence suggests that [Franco] was coerced into entering into" the Agreement, the terms of which are binding on Franco as well as Kytel. Id. Indeed, Franco alleges to have had repeated discussions with defendant prior to entering into the Agreement. There is no reason to believe that Franco, a sophisticated businessman and experienced investor, lacked either equal bargaining power or a full understanding of the import of the forum-selection clause.

Furthermore, the reasonableness of enforcing the forum-selection clause is underscored by the fact that events giving rise to this dispute occurred in New York; the

7

meeting between Franco and defendants took place in New York (Complaint at ¶10), and the purported in-person solicitations for Franco to invest in Kytel are also alleged to have taken place in New York (Complaint at ¶9).

In addition, while, unlike defendants, Franco does not live in New York, he clearly has no trouble traveling there (as his Complaint refers to his being in New York on more than one occasion). New York is, after all, "just a shuttle trip away" from Massachusetts. Nisselson v. Lernout, 2004 WL 1630492 (D.Mass. 2004).

Therefore, Franco cannot establish that enforcement of the forum-selection clause would be unreasonable or unjust, or that the clause is invalid by reason of fraud or overreaching.

Moreoever, it cannot be disputed that the forum-selection clause is applicable to the instant action. In Lambert v. Kysar, the First Circuit was called upon to determine the applicability to the plaintiff's claims of a forum selection clause contained in a contract for the purchase of goods, which clause provided as follows: "[t]he terms and conditions of the order documents applicable to this transaction shall be interpreted under the case and statutory law of the State of Washington. In the event any action is brought to enforce such terms and conditions, venue shall lie exclusively in Clark County, Washington." Lambert v. Kysar, 983 F.2d 1110, 1112 (1st Cir. 1993).The First Circuit held:

> Lambert argues, in effect, that he should be able to escape the consequences of the parties' forum selection merely by alleging tortious conduct relating to the formation (rather than the performance) of their contract. We cannot accept the invitation reward attempts to evade enforcement of forum selection agreements through artful pleading of tort claims in the context of a contract dispute. ...The better general rule, we think, is that contract-related tort claims involving the

8

same operative facts as a parallel claim of breach of contract should be heard in the forum selected by the contracting parties.

Lambert v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1993) (internal quotations omitted).

Therefore, the fact that Franco has styled his claims in this action as fraud, conspiracy to defraud, illegal activities, and unfair and deceptive practices under Massachusetts General Laws, Chapter 93A rather than claiming breach of contract does not allow Franco to escape applicability of the forum selection clause to which he agreed.

Indeed, the forum-selection clause that was at issue in Lambert is narrower than the clause at issue here. The Lambert clause mandated that Clark County, Washington was to be the venue for "any action *brought to enforce [the] terms and conditions*" of the Agreement. Lambert, 983 F.2d at 1112 (emphasis added). The clause in Franco's Agreement with Kytel, on the other hand, applies to "*any matter arising hereunder*" (Ex. A. to Kiley Aff., emphasis added), not only matters brought to enforce the Agreement. Thus, since the narrower Lambert clause was held by the First Circuit to apply to tort claims, there can be no argument that the broader clause in Franco's Agreement does not apply to Franco's claims in this action.

Therefore, as the forum-selection clause is both enforceable and applicable in this dispute, Massachusetts is not the proper venue for this action. Accordingly, this action should be dismissed.

Under 28 U.S.C. §1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Case 1:04-cv-12159-GAO   Document 6   Filed 11/19/2004   Page 7 of 11

same operative facts as a parallel claim of breach of contract should be heard in the forum selected by the contracting parties.

Lambert v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1993) (internal quotations omitted).

Therefore, the fact that Franco has styled his claims in this action as fraud, conspiracy to defraud, illegal activities, and unfair and deceptive practices under Massachusetts General Laws, Chapter 93A rather than claiming breach of contract does not allow Franco to escape applicability of the forum selection clause to which he agreed.

Indeed, the forum-selection clause that was at issue in Lambert is narrower than the clause at issue here. The Lambert clause mandated that Clark County, Washington was to be the venue for "any action *brought to enforce [the] terms and conditions*" of the Agreement. Lambert, 983 F.2d at 1112 (emphasis added). The clause in Franco's Agreement with Kytel, on the other hand, applies to "*any matter arising hereunder*" (Ex. A. to Kiley Aff., emphasis added), not only matters brought to enforce the Agreement. Thus, since the narrower Lambert clause was held by the First Circuit to apply to tort claims, there can be no argument that the broader clause in Franco's Agreement does not apply to Franco's claims in this action.

Therefore, as the forum-selection clause is both enforceable and applicable in this dispute, Massachusetts is not the proper venue for this action. Accordingly, this action should be dismissed.

Under 28 U.S.C. §1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

28 U.S.C. 1406(a).[1] Therefore, as an alternative to dismissal, this Court may transfer the instant action to a district in which it could have been brought, if this Court deems such transfer to be in the interests of justice. In the event that this Court should elect to transfer this action in lieu of dismissal, defendants respectfully request that it be transferred to the United States District Court for the Southern District of New York.

### POINT IIII

### EVEN IF THIS COURT WERE TO FIND THAT MASSACHUSETTS IS NOT AN IMPROPER FORUM, THIS CASE SHOULD STILL BE TRANSFERRED TO NEW YORK SINCE MASSACHUSETTS IS A FORUM NON CONVENIENS.

Even if this Court denies defendants' motion to dismiss this action for lack of personal jurisdiction and likewise denies their motion to dismiss or transfer this action for improper venue under 28 U.S.C. 1406(a), it should nevertheless transfer this action to the United States District Court for the Southern District of New York, because that court is a more convenient forum than this Court.

The transfer of a civil action from one federal district to another based upon convenience is governed by 28 U.S.C. §1404(a), which provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).

The United States Supreme Court has held that a forum-selection clause in a contract underlying the action is "a significant factor that figures centrally" in an analysis

---

[1] 28 U.S.C. §1406(a) provides for transfer of an action because the forum is improper, such transfer being an alternative to dismissal. In contrast, 28 U.S.C. §1404(a), which is discussed herein at Point III, provides for transfer of an action because the forum, while not improper *per se*, is inconvenient. While it is our position that this Court is an improper forum, we argue in Point III that even if this Court disagrees with that position, this action should still be transferred pursuant to §1404(a).

10

under a §1404(a) motion. <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 108 S.Ct. 2239, 2244 (1988). In <u>Stewart</u>, the Court directed the District Court to

> address such issues as the convenience of a Manhattan forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power. The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.

<u>Id.</u>

Here, through the forum-selection clause, the parties have expressed their joint opinion that New York is a more convenient forum than Massachusetts for disputes arising under the Agreement. This choice must "figure centrally" in this Court's analysis under 1404(a). <u>See id.</u>

Moreover, Franco cannot show that there was unequal bargaining power between the parties. As argued above (<u>supra</u>, Point II), defendants did "nothing more than offer an appealing [investment] to" Franco, and "no evidence suggests that [Franco] was coerced into entering into" the Agreement. <u>Silva</u>, 239 F.3d at 389. Franco thus cannot show any reason this Court should disregard the parties' agreed-upon choice of forum as set forth in the forum-selection clause in their Agreement.

In addition, the two non-party witnesses mentioned in Franco's Complaint (¶¶6-8) are all located in New York, and all documents that are conceivably relevant to this litigation are located in New York as well (Aff. of Gregory Kiley at ¶13).

Furthermore, the interests of justice and fairness are best served when parties are held to their contractual obligations. Those interests are not served by forcing the defendants to litigate and the witnesses to testify in Massachusetts, in violation of the forum-selection clause, in a dispute arising from events that took place in New York.

11

Thus, Massachusetts is a forum non conveniens and this action should be transferred to the more convenient and pre-selected forum of New York—namely the United States District Court for the Southern District of New York.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this action be dismissed or, in the alternative, that the action be transferred to the United States District Court for the Southern District of New York.

Dated: November 19, 2004

SASSOON & CYMROT LLP
Attorneys for Defendants

By: /s/
William R. Moriarty (BBO#563769)
84 State Street, 6th Floor
Boston, Massachusetts 02109
617-720-0099

TODTMAN, NACHAMIE, SPIZZ &
JOHNS, P.C.
*Of Counsel* to Attorneys for Defendants

By: /s/
Lisa Brubach (LB – 0784)
425 Park Avenue
New York, New York 10022
212-754-9400

12

## CERTIFICATE OF SERVICE

I hereby certify that I have served on this date a true copy of this Memorandum of Law by mailing via first class mail, postage prepaid, to counsel for the Plaintiff, Lawrence E. Desilets, Esq., Liberty Plaza, 61 Nichols Road, Suite B5, Framingham, MA 01701.

_____
Gustavo A. del Puerto

Dated: 11/19/04

13