UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DAVID FRANCO,<br>                    Plaintiff<br><br>v.<br><br>KYTEL INTERNATIONAL GROUP, INC.,<br>GREGORY KILEY, EDWARD KILEY and<br>DON M. BOSCO,<br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION No.
04-CV-12159-GAO

PLAINTIFF'S MEMORANDUM OF LAW AND OPPOSITION
TO THE DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TRANSFER THIS ACTION

PRELIMINARY STATEMENT

The Plaintiff submits this Memorandum in Opposition to the Defendants' Motion to

Dismiss, or in the Alternative, Transfer, and argues that this Court does indeed have jurisdiction

over the Defendants.

The Defendants maintain that the contract entered into had a provision calling for "the

exclusive jurisdiction of the Courts of New York, New York".

The Plaintiff maintains that the contract in its entirety is void, as it was obtained by fraud

(See Affidavit of David Franco, annexed hereto and marked "A").

The Plaintiff maintains that all Defendants made fraudulent misrepresentations to the

Plaintiff with regard to the then revenues of the Defendant, Kytel International Group, Inc. and

then proceeded to instruct two individuals, one of whom was a broker "selling away" and the

other an unlicensed broker posing as a different broker.  Said individuals, at the instruction of the

Defendants, made between one hundred and two hundred telephone calls to the Plaintiff in

Massachusetts, until the Plaintiff finally succumbed to the misrepresentations and purchased the stock. In addition, the Plaintiff's company, Stat Products, Inc., has used, and continues to use the telephone services of Kytel International Group, Inc. Said services were sold to him by the same broker that continually solicited the Plaintiff while the Plaintiff was in Massachusetts.

Therefore, this Court should retain jurisdiction in this matter and deny the Defendants' motion.

## STATEMENT OF FACTS

In or about 1998, the Plaintiff was introduced to the Defendant, Gregory Kiley, President of Kytel International Corp. Sometime thereafter, the Plaintiff reluctantly went to the offices of Kytel in Manhattan where he met with the Defendants Gregory Kiley, Edward Kiley and Don Bosco, all of Kytel. At said meeting, the Defendants deliberately misrepresented the state of Kytel's financial condition, and vastly overstated a potential purchase of Kytel by another company. The Plaintiff did not learn of these misrepresentations until after his purchase of the stock.

The person who introduced the Plaintiff to Mr. Gregory Kiley was one Alfred Blair Blaikie, III, then a broker at H.D. Brous & Company, and subsequently Hornblower & Weeks, Inc., a now defunct stock brokerage house. Stock in Kytel was not being bought or sold through either brokerage house and Mr. Blaikie at all times relevant hereto was attempting to "sell away". After the meeting, at the Defendants' direction, Blaikie continued to call the Plaintiff, in Massachusetts, somewhere in the vicinity of between one hundred and two hundred telephone calls in which he discussed, among other things, his strong recommendation that the Plaintiff purchase stock in Kytel. When those solicitations failed, the Defendants then enlisted the services of another person, who had lost his license as a broker, and was posing as a broker by

the name of Keneth Mandile. Both Blaikie and "Mandile" continued to make the same misrepresentations to the Plaintiff that the Defendants had, and the Plaintiff eventually succumbed and purchased the stock (See Affidavit of David Franco, annexed hereto and marked "A".)

The Plaintiff has subsequently learned that all of the representations made to him by the Defendants, Blaikie and "Mandile" were patently false. The Plaintiff has on a number of occasions attempted to rescind the investment and obtain his monies back, with no success. Among other things, the Plaintiff was never sent a stock certificate, never sent any statement of financial condition, and was never informed that at one time Kytel filed for voluntary bankruptcy.

In addition, Blaikie solicited the Plaintiff to purchase the phone service offered by Kytel (See confirmation slip annexed hereto and marked "B".) The Plaintiff's company continues to use said service.

Based upon the foregoing, Plaintiff submits that this Court clearly has personal jurisdiction over the Defendants.

## ARGUMENT

## POINT ONE

### THE COURT SHOULD RETAIN JURISDICTION

Massachusetts General Laws, Chapter 223A, Section 3 states, inter alia, that a Court in Massachusetts may exercise personal jurisdiction over a person causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business from or engages in any other persistent course of conduct.

In the case of <u>Mark v. Obear & Sons, Inc.</u>, 313 F. Supp. 373 (DC Mass., 1970), the Court stated:

> Long arm statues base personal jurisdiction on activities deemed more relevant than the mere physical presence of the defendant or his agent in the state, and such a statute should be interpreted, within constitutional limitations, to effectuate the State's legitimate desire to protect its citizens by affording them a forum within the State for the enforcement of their claims against nonresidents.

Plaintiff, therefore, suggests that the combination of the one hundred to two hundred telephone calls soliciting him in Massachusetts as well as the fact that he subscribes to the Defendant Kytel's telephone service are enough for this Court to retain jurisdiction in this matter.

## POINT TWO

### THE FORUM SELECTION CLAUSE AND THE SUBJECT CONTRACT IS INAPPLICABLE SINCE THE CONTRACT WAS OBTAINED BY FRAUD

The Defendants, in their memorandum, cite the very case upon which the Plaintiff relies in asserting that this Court has jurisdiction of this matter. The case of R.W. Granger & Sons, Inc., 845 F. Supp. 319, 321 (D. Mass. 1995) stated that a forum-selection clause must be enforced unless the opposing party "can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Clearly, that the Defendants caused two individuals, one, a broker "selling away" and the other, an unlicensed broker posing as a somebody else (allegations the Defendants do not deny), would demonstrate to the Court that this transaction was obtained by fraud, and void from its inception.

## POINT THREE

### MASSACHUSETTS IS NOT A FORUM NON CONVENIENS.

Since the gravamen of the Plaintiff's cause of action is that the contract was obtained by fraud, the fact that all of the individuals who engaged in said fraud are located in New York City,

4

is not a compelling reason for the Plaintiff, who has done no wrong, to be forced to retain new counsel and travel to New York to press his claim. Such a ruling would only further damage the Plaintiff more than he already has been. There is nothing peculiar to New York in this case that would be a subject matter in the litigation, since the substance of the case involve oral misrepresentations, wherever they may have occurred. If there is any inconvenience to the Defendants who defend this action in Massachusetts as opposed to New York, it is an inconvenience that they have caused by their own fraudulent activity.

CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court retain jurisdiction.

Respectfully submitted,
DAVID FRANCO
By his attorney,

Dated:  December 22, 2004  .

Lawrence E. Desilets
Liberty Plaza
61 Nicholas Road, Suite B5
Framingham, MA  01701
508-788-8500
BBO #121380

## CERTIFICATE OF SERVICE

I hereby certify that I have served on this date a true copy of the foregoing Plaintiff's Memorandum of Law and Opposition to the Defendants' Motion to Dismiss, or in the Alternative, Transfer This Case by mailing a letter first-class mail, postage prepaid to counsel for Defendants, Matthew E. Hoffman, Esq. of Todtman, Nachamie, Spizz & Johns, P.C. at 425 Park Avenue, New York, New York 10022 and William R. Moriarty, Esq. of Sassoon & Cymrot at 84 State Street, Boston, MA 02109, this 22nd day of December, 2004.

Lawrence E. Desilets

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DAVID FRANCO, | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION No. |
| v. | ) | 04-CV-12159-GAO |
| | ) | |
| KYTEL INTERNATIONAL GROUP, INC., | ) | |
| GREGORY KILEY, EDWARD KILEY and | ) | |
| DON M. BOSCO, | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF DAVID FRANCO

I, David Franco, on oath, depose and say that I am the Plaintiff in the above-captioned

matter. I further say that I first became aware of the existence of the Kytel Corporation and its

principals through a broker I had been doing business with, one Alfred Blair Blaikie, III. At that

time I had first heard of Kytel and its principals, Mr. Blaikie was employed as a broker at H.D.

Brous & Co. and eventually Hornblower & Weeks, Inc., a now defunct brokerage house. I had

done business with Mr. Blaikie in the past at a previous brokerage house, and as a result of Mr.

Blaikie's transgressions, I have filed two arbitration cases against him and his firm. One of

those matters has been settled, and the other is pending with a hearing scheduled in April of

2005. The allegations against Mr. Blaikie and others at the two brokerage houses included

alleged fraud, failing to execute, and "selling away" among other allegations.

Mr. Blaikie first started to solicit me for the purposes of purchasing shares of Kytel by

telephone, he in New York, myself in Massachusetts. Those solicitations began sometime prior

to my November 1998 introduction to Gregory Kiley, a principal of Kytel, in New York City.

The first time I met Mr. Kiley was at a due diligence meeting regarding a stock called Muse

$\frac{4}{}$ 12/19



**KYTEL**
INTERNATIONAL
GROUP INC.

15 Malden Lane, 4th Floor
New York, NY 10038
Phone: (212) 383-3800
Fax: (212) 383-3807

Customer Name: Stat Products Inc.
Billing Contact:
Billing Address: 200 Butterfield Drive     Suite  Bldg  D
City, State Zip: Ashland, MA  01721
Phone (BTN): 508 881 8022     Fax:

Service Address: same as above
City, State Zip:
Tax ID#:     SS #:

**Bank Name:**
Bank Address:
Bank Contact:     Phone:
Bank Acct. #:

**Trade Reference:**     Phone:
Trade Address:     Contact:
Trade Reference:     Phone:
Trade Address:     Contact:

**BILLING**
Combined Billing:     Acct Code
(List BTN's):     Auth Code
Dedicated Internet Access*(WAN800):     56K     T-1
Existing 800/888  See Comments     Carrier
Rate/Mo     800/888 Directory Assist.     Published     Non Published

**RATES**
IntraState:     Dial 1
InterState:     0.07     Inbound 800     0.07
IntraLata:     Calling Card     #
International:

### SERVICES

| PRODUCT/NAME | EST. USAGE | FOLDER | CPM | QUANTITY |
|---|---|---|---|---|
| Interstate (1+) | | | | |
| T-1 Service* | | | | |
| 800/888 Service | | | | |
| Interstate | | | | |
| Intrastate | | | | |
| TravelTell Card | | | | |
| Cellular LD | | | | |

Company Name: STaT Products, Inc.
Authorized Signature:     Date:
Print Name: Patrick Dennce     Title: General Mgr

| Comments: | Customer has 2 toll free numbers |
|---|---|
| | 800 233 7828     800 233 7828 |
| | 800 289 7828 fax |

Account #:
Order Type:  New Order ☐     Change Address ☐
Add Lines ☐   Delete Lines ☐   Other (Comments) ☐

| Date: | 12-11-00  10:00 |
|---|---|
| Rep Name: | Telecommunication Services Grp |
| Type of Business: | |
| Estimated Mos. Usage: | |
| Current LD Carrier: | |
| Local Carrier: | |

### Letter of Authorization (L.O.A.)

The undersigned appoints Kytel as its carrier for long distance service and further appoints any of its affiliated companies as agent (the "Agent") to provide to the undersigned, including without limitation, removing, adding to or rearranging such telecommunications service. Specific services are shown on my order for Kytel service. I understand that this local telephone company, in order to cover its cost to carrier change, will include a one-time surcharge in the amount of $5.00 per line which appear on the local telephone company bill. You are hereby release from any and all liability for making pertinent information available to the Agent for following the Agent's instruction with reference to any changes to or maintenance on the undersigned's telecommunications service. I also authorize the release of all bank information for credit purposes only. All information is strictly confidential. You may deal with the Agent on all matters pertaining to said telecommunications service and shall follow its instructions with reference thereto. This authorization will remain in effect until otherwise notified in writing

Signature:
Title: General Mgr

| 800/888 (Toll Free) | | |
|---|---|---|
| TF#: | | |
| RT#: | | |
| TF#: | | |
| RT#: | | |

| PHONE LINES | | | | |
|---|---|---|---|---|
| Area Code | Exchange | Line | Code | Type |
| 508 | 881 | 8022 | | |
| 508 | 881 | 8023 | | |
| 508 | 881 | 8024 | | |
| 508 | 881 | 8008 | 2405 | |
| 508 | 881 | 8026 | (FAX) | |